```
 1  JOSEPH A. SACRAMENTO, ESQ. (122860)
    LAW OFFICES OF JOSEPH A. SACRAMENTO
 2  1489 Webster Street, Suite 248
    San Francisco, CA  94115
 3  Telephone: (415) 775-0891
    Fax:(415) 775-1350
 4  Attorney for: Petitioners PARKER PACIFIC
    INVESTMENT, LP, a limited partnership, COURT
 5  HOUSE STEPS II, LLC a California limited liability company
```

**FILED**
APR 1 9 2010
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

```
In re:                          )
                                ) No. 10-30461 SFTC
LETICIA B. RAMOS,               )
                                ) NOTICE OF MOTION FOR ORDER
     Debtor.                    ) GRANTING PETITIONERS RELIEF
                                ) FROM AUTOMATIC STAY
                                )
                                ) Date:  May 17, 2010
                                ) Time:  1:00 P.M.
                                ) Place: 235 Pine St., 22nd Floor
                                )        San Francisco, CA
                                )
                                )
_____)
```

Case # : 10-30461-TECST
Debtor..: LETICIA B RAMOS
Judge...: THOMAS CARLSON
Trustee.: ANDREA WIRUM
Chapter: ST
Filed : April 19, 2010 15:03:22
Deputy : IA
Receipt: 30050248
Amount : $150.00

TO: LETICIA B. RAMOS, Debtor, and her attorney of record:

PLEASE TAKE NOTICE THAT ON May 17, 2010, at 1:00 p.m., or as soon as thereafter the matter can be heard, in the United States Bankruptcy Court for the Northern District of California, located at 22nd Floor, 235 Pine Street, San Francisco, California, Petitioners PARKER PACIFIC INVESTMENT, LP, a limited partnership,

NOTICE OF MOT FOR RELIEF FROM STAY        1

and COURT HOUSE STEPS II, LLC a California limited liability company, by and through their attorney, the LAW OFFICES OF JOESPH A. SACRAMENTO, will move the Court, pursuant to 11 U.S.C. Section 362(d) of the Bankruptcy Code, to obtain relief from automatic stay.

<u>THIS WILL INFORM YOU THAT YOU SHOULD APPEAR PERSONALLY OR BY COUNSEL AT THE HEARING, AND SUBMIT WRITTEN OBJECTION TO THIS MOTION. FAILURE TO TAKE EITHER OF THESE ACTS COULD RESULT ON THE COURT ENTERING YOUR DEFAULT ON THE REQUESTED RELIEF.</u>

Specifically, Petitioners seek an Order allowing Petitioners to proceed with an eviction action, *Parker Pacific et al v. Ramos*, San Francisco Superior Court Case No. 631744 ("unlawful detainer action"), failed against Debtor in the California State Court and to allow that matter to proceed to an unlawful detainer trial. Petitioners seek restitution of possession of the premises located at 2 Moneta Ct., San Francisco, California 94112 ("premises").

This motion is made upon the grounds that the automatic stay created pursuant to the filing of the above-captioned Chapter 7 bankruptcy petition, should no longer operate to stay an eviction, and does not provide adequate protection for Petitioners' real property interest in the premises. Debtor has no lease, rental agreement and has never paid rent to Petitioners for the premises. The eviction is based on California Civil Code Section 1161a in that that the premises had been purchased by Petitioners at a foreclosure sale and Debtor, as the original borrower, is the

occupant (or person under whom the occupant claims). Title under the sale has been duly perfected. Debtor has failed to demonstrate that Petitioners will receive adequate protection with regard to Petitioners' real property interest.

Petitioners seek to have the stay lifted, permitting Petitioners to proceed with the unlawful detainer action.

DATED: 4/16/10

JOSEPH A. SACRAMENTO, ESQ
Attorney for Petitioners
PARKER PACIFIC INVESTMENT, LP,
a limited partnership, and
COURT HOUSE STEPS II, LLC a
California limited liability
company

**DECLARATION**

1. Petitioners, PARKER PACIFIC INVESTMENT, LP, a limited partnership and COURT HOUSE STEPS II, LLC a California limited liability company a California Limited Partnership are the owners of the premises.

2. Petitioners are informed and believe that Debtor, LETICIA B. RAMOS, was the previous owner of the premises and had borrowed funds pursuant to a Promissory Note and secured by a Deed of Trust recorded against the premises in the Official Records of the County Recorder of the County of San Francisco. By this Deed of Trust, Debtor, as trustor, conveyed the premises to the trustee to secure payment of the loan.

3. Petitioners are informed and believe that Debtor defaulted in the payment of the loan secured by the Deed of

Trust. On February 10, 2009, the trustee, at the request o the beneficiary, and in accordance with Section 2924 of the California Civil Code, caused to be recorded in the Official Records the County Recorder of San Francisco, a Notice of Default and Election to Sell Under Deed of Trust ("Notice of Default"), pursuant to the power of sale contained in the Deed of Trust and to satisfy the obligations secured by said Deed of Trust.

4. Pursuant to the terms of the Deed of Trust and Notice of Default, a Notice of Trustee's Sale was duly recorded and published more than 90 days after the recording of the Notice of Default. As required by Section 2924 of the California Civil Code, notice was given in the manner and form required by California Civil Code Section 2924(f) that the premises would be sold at public auction.

5. On December 1, 2009, after due notice, the trustee held a trustee's sale pursuant to the respective notices and Deed of Trust described above, and had duly sold the premises to Petitioners. At that time, the trustee made, executed and had delivered to Petitioners a Trustee's Deed Upon Sale for the premises which was recorded in the Official Records of the County Recorder of the County of San Francisco, on December 9, 2009. A true and correct copy of the Trustee's Deed Upon Sale is attached hereto as Exhibit "A" and made a part hereof.

6. At the time of the sale, Debtor was in possession of the premises and has remained in possession after the sale without Petitioners' consent or permission.

7. On December 11, 2009 Petitioners caused Debtor to be served with a written Three Day Notice to Quit ("Three Day Notice") stating that the Petitioners had purchased the premises, that title had been duly perfected, and demanding that Debtor quit the premises within three days after service of the notice. A true and correct copy of said Three Day Notice is attached hereto as Exhibit "B" and made a part hereof.

8. More than three days elapsed since service of the Three Day Notice and Petitioners are entitled to possession of the premises.

9. Debtor failed and has refused to deliver possession within the three-day period and continues in possession without Petitioners' permission or consent.

10. On December 15, 2009, Petitioners filed the unlawful detainer action against Debtors to recover possession of the premises and also to recover damages at the per diem rate of $100.00.

11. Debtor filed an Answer on December 21, 2010 and the unlawful detainer trial was originally set for January 11, 2010.

12. After the unlawful detainer action was set for trial, and on the morning of trial, Debtor's attorney informed Petitioners' attorney that Debtor had filed a bankruptcy action on

Saturday, January 9, 2010. The Court in the unlawful detainer action removed the January 11, 2010, trial date off calendar as a result of the imposition of the automatic stay.

13. Petitioners filed a Motion for Relief from Stay. However, prior to the hearing date on this Motion, Debtor's bankruptcy action was dismissed. Petitioners thereafter set the unlawful detainer action again for trial and the unlawful detainer trial was rescheduled for April 12, 2010. On April 9, 2010 the Debtor filed this current bankruptcy action and Debtor's attorney had informed Petitioners' attorney that the unlawful detainer trial could not proceed because of the automatic stay imposed by Debtor's second bankruptcy action. On April 12, 2010, the Court in the unlawful detainer action took the unlawful detainer trial off calendar.

14. The Debtor remains in possession of said premises. However, she has no tenancy relationship with the Petitioners and has failed to pay any rent.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct on my own knowledge, except as to those matters which are therein stated on information and belief, and as to those matters, I believe them to be true.

Executed on April 14, 2010 at San Francisco, California.

DATED: 4/19/10

_____
JOSEPH A. SACRAMENTO, ESQ
Attorney for Petitioners
PARKER PACIFIC INVESTMENT, LP,
a limited partnership, and
COURT HOUSE STEPS II, LLC a
California limited liability
company

## LEGAL ARGUMENT

**I. MOVANT IS ENTITLED TO RELIEF FROM STAY.**

11 U.S.C. Section 362(d)(a) and (2) states that the automatic stay must be lifted when there is cause:

> "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay...
>
> 1. for cause, including the lack of adequate protection of an interest in property of such party in interest...
>
> 2. with respect to a stay of an act against property under subsection (a) of this section, if:
> (a) the debtor does not have an equity in such property; and
> (b) such property is not necessary to an effective reorganization."

Therefore, because the Debtor does not have a lease or any equity in the premises, it is not necessary to an effective reorganization.

## CONCLUSION.

For the foregoing reasons, the Stay should be lifted in this case allowing Petitioners to proceed with the eviction and to obtain possession of the premises. Moreover, Petitioners request that this Court award possession of the premises to Petitioners and against Debtor. At the very least, Petitioners should be entitled to proceed with enforcement of the unlawful detainer action and to have the unlawful detainer trial rescheduled so that the merits of that action may be heard.

DATED: 4/14/10

*[signature]*
JOSEPH A. SACRAMENTO, ESQ
Attorney for Petitioners
PARKER PACIFIC INVESTMENT, LP,
a limited partnership, and
COURT HOUSE STEPS II, LLC a
California limited liability
company

In re Leticia B. Ramos
Case No. 10-30461 SFTC
parramrequeststay-10

# EXHIBIT A

Case: 10-30461  Doc# 15  Filed: 04/19/10  Entered: 04/20/10 08:43:29  Page 9 of 13

| RECORDING REQUESTED BY | |
|---|---|
| WHEN RECORDED MAIL TO | |

JOSEPH GIRAUDO
2300 BRIDGEWAY
SAUSALITO, CA 94965
Trustee Sale No. 05-FMG-68538



San Francisco Assessor-Recorder
Phil Ting, Assessor-Recorder
DOC- 2009-I884172-00
Check Number 4824
Wednesday, DEC 09, 2009 15:35:11
Ttl Pd $3,026.60    Rcpt # 0003807949
REEL K035 IMAGE 0793
          DKC/TD/1-2

√ 2 Moneta Court

# TRUSTEE'S DEED

The undersigned grantor declares:
1. The Grantee herein was not the foreclosing beneficiary.
2. The amount of the unpaid debt together with costs was $880,890.71.
3. The amount paid by the Grantee at the Trustee's Sale was $442,000.00.
4. The documentary transfer tax is $ ___3005.60___ .

**REGIONAL SERVICE CORPORATION**, a Washington corporation, as the duly appointed Trustee under the Deed of Trust hereinafter described (herein called TRUSTEE), hereby grants and conveys, but without warranty, express or implied, to:

PARKER PACIFIC INVESTMENTS LP 50% COURTHOUSE STEPS II LLC 50%

Herein called GRANTEE, all of its right, title and interest in and to that certain property situate in the City of SAN FRANCISCO, County of SAN FRANCISCO, State of CALIFORNIA, described as follows:

LOT 40, BLOCK 7096A, AS SHOWN ON THAT CERTAIN MAP ENTITLED, "MAP OF MONETA MANOR, BEING A PORTION OF BLOCK NO. 12, WEST END MAP NO. 2, (BOOK 2, "A" AND "B" OF MAPS, PAGE 47), ALSO BEING A PORTION OF ASSESSOR'S 7096A", FILED MARCH 18, 1975 IN BOOK "W" OF MAPS, AT PAGES 62 AND 63 INCLUSIVE, IN THE OFFICE OF THE RECORDER OF THE CITY AND COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA.

TAX PARCEL NO:   7096A-040

This conveyance is made pursuant to the powers conferred upon TRUSTEE by that certain Deed of Trust executed by LETICIA B. RAMOS, AN UNMARRIED WOMAN, as Trustors recorded 5/16/2006 in Volume J141, page 0267, of Deeds of Trust, as Instrument No. 2006-I176715-00, of Official Records in the office of the Recorder of SAN FRANCISCO County, State of CALIFORNIA, and after fulfillment of the conditions as specified in said Deed of Trust authorizing this conveyance. Default occurred as set forth in a Notice of Default and Election to Sell which was filed for record in the office of the Recorder of said County, and such default still existed at the time of sale. All requirements of law regarding the mailing of copies of notices and posting and publication of copies of the Notice of Sale have been complied with.

Said property was sold by said Trustee at public auction on December 1, 2009, at the place named in the Notice of Sale, in the County of SAN FRANCISCO, CALIFORNIA, in which the property is situated. Grantee, being the highest bidder at such sale, became the purchaser of said property and paid therefor

Case: 10-30461   Doc# 15   Filed: 04/19/10   Entered: 04/20/10 08:43:29   Page 10 of 13



to said Trustee the amount bid, in lawful money of the United States, or by the satisfaction, pro tanto, of the obligations then secured by said Deed of Trust.

Date: 12/7/2009

REGIONAL SERVICE CORPORATION, Trustee

By_____
JEAN GREAGOR, AUTHORIZED AGENT

STATE OF WASHINGTON  )
                     ) ss.
COUNTY OF KING       )

On 12/7/2009, before me, the undersigned, a Notary Public, personally appeared JEAN GREAGOR, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____
NOTARY PUBLIC

TRACEY M. BARKSDALE
STATE OF WASHINGTON
NOTARY PUBLIC
MY COMMISSION EXPIRES
09-26-11

Page 2 of 2                                            CA_TD

Case: 10-30461   Doc# 15   Filed: 04/19/10   Entered: 04/20/10 08:43:29   Page 11 of 13

# EXHIBIT B

## THREE DAY NOTICE TO QUIT

TO: __LETICIA B RAMOS__
AND ALL OTHER OWNER-OCCUPANTS CLAIMING RIGHT TO POSSESSION

Premises to which this Notice relates:

__2 MONETA COURT, SAN FRANCISCO, CALIFORNIA 94112-4143__
including all garage, storage and common areas.

NOTICE IS HEREBY GIVEN that your right to occupancy of the premises is terminated. Within three days after service of this notice on you, you must vacate the premises and deliver possession of them to the owner or to the undersigned who is authorized to receive the same. Your failure to deliver possession of the premises will result in legal proceedings against you to recover possession of the premises and damages for each day that you continue to occupy the premises, and costs as allowed by law.

This notice is served pursuant to Code of Civil Procedure Section 1161a(b)(3) in the property has been sold in accordance with Section 2924 of the Civil Code under a power of sale contained in a deed of trust executed by you and the title under the sale has been duly perfected.

DATED: December 11, 2009

_[signature]_
Agent for Owners
2300 Bridgeway
Sausalito, CA 94965
(415) 339-2222

PENAL CODE SECTION 594 reads:
"Every person who maliciously injures or any real or personal property not his own... is guilty of misdemeanor."